IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASE CLEMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-772-JTA |
| | ) (WO) |
| STATE FARM FIRE AND | ) |
| CASUALTY, CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's motion to remand. (Doc. No. 6.) The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion to remand is due to be granted.

**I.   JURISDICTION AND VENUE**

Defendant State Farm alleges jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff Chase Clemmons and Defendant are diverse, however Plaintiff contests the amount in controversy exceeds $75,000. (*See* Doc. No. 6.)

Venue is proper, as Plaintiff filed his complaint in the Circuit Court for Henry County, Alabama (Doc. No. 1-2 at 7), which is within the Middle District of Alabama, Southern Division.

## II.     PROCEDURAL HISTORY

On November 1, 2024, Plaintiff Chase Clemmons filed a complaint in state court against Defendant State Farm Fire and Casualty, Co. (Doc. No. 1-2.) On December 3, 2024, Defendant removed the case to federal court. (Doc. No. 1.) On December 17, 2024, Plaintiff filed a motion to remand. (Doc. No. 6.) Defendant filed a timely response opposing the motion to remand (Doc. No. 10), and Plaintiff filed a reply[1] (Doc. No. 11).

This matter is ripe for review.

## III.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[2]

---

[1] Plaintiff filed his reply two days after the court's deadline. (*See* Doc. No. 7.) However, there is no indication of bad faith nor prejudice to Defendant, and the brief delay had no adverse impact on judicial proceedings. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–02 (11th Cir. 1999). Accordingly, the Court finds Plaintiff has engaged in excusable neglect and permits the tardy reply.

[2] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

or federal question jurisdiction.³ *See Pacheco DePerez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

The removing defendant has the burden of establishing this court has subject matter jurisdiction over an action.⁴ *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). If removing based on diversity jurisdiction and "a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy" exceeds the jurisdictional minimum of $75,000. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quotation omitted). In satisfying the preponderance of the evidence standard, a defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Nonetheless, mere speculation or a guess as to the amount in controversy is impermissible. *Id.* "A defendant may submit affidavits, depositions, or other evidence to support removal." *Lott v. Metro. Life Ins. Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citation omitted).

---

³ Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

⁴ Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns*, 31 F.3d at 1095; *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

### IV.   COMPLAINT

On June 14, 2023, Plaintiff claims a storm damaged the roof of his residence. (Doc. No. 1-2 at 8.) Plaintiff alleges he had a valid homeowner's insurance policy with Defendant. (*Id*.) Plaintiff claims the policy covered the damages suffered and the policy was in effect when the damage occurred. (*Id*.) Plaintiff avers Defendant refused, and continues to refuse, to pay Plaintiff's claim even though he provided Defendant with a timely notice of the loss and proof of claim. (*Id*.) From this alleged refusal, Plaintiff brings two claims: (I) breach of contract and (II) bad faith. (*Id*. at 9–10.)

### V.   MOTION TO REMAND

Plaintiff avers this case should be remanded to state court because Defendant has not proven the amount in controversy exceeds the jurisdictional minimum of $75,000. (Doc. No. 6.) Plaintiff is seeking compensatory damages, court costs, and attorney's fees for his breach of contract claim. (Doc. No. 1-2 at 9.) For the bad faith claim, Plaintiff is seeking recompense for damages to the building and contents, loss of use, interest allowed by law, and reasonable attorney's fees and costs. (*Id*. at 10.) Plaintiff did not allege a specific amount in the Complaint for the damages sought. However, in support of the motion to remand, Plaintiff submitted a sworn affidavit stating the amount in controversy does not exceed $75,000 and agreeing not to accept any judgment in excess of $75,000.

(Doc. No. 6-1 at 2-3.) Plaintiff also submitted a pre-suit demand letter seeking $40,374.41[5] in damages coupled with $10,000 in attorney's fees. (Doc. No. 6-2 at 2.)

Defendant responds it is more likely than not that $75,000 is in dispute. (Doc. No. 10.) Defendant relies upon the evidence submitted with the notice of removal, which is a copy of Plaintiff's homeowner policy and a sworn affidavit from an employee stating Plaintiff submitted an estimate for roof replacement and repair which totaled $24,200. (Doc. No. 1-3 at 1-63; Doc. No. 1-4 at 1-3.) Defendant submitted no additional evidence in opposition to the motion to remand.

### VI.   DISCUSSION

When a plaintiff has not asked for a specific amount in damages, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (quotations omitted). When determining the amount in controversy, the court may not speculate or hazard a guess. *Id*. Rather, the removing defendant must make specific factual allegations and support them with evidence. *Id*. at 754. Defendants can use affidavits, declarations, or other types of documentation to satisfy the preponderance of the evidence standard. *Id*. Evidence combined with "reasonable deductions, reasonable inferences, or other reasonable extrapolations" is permissible. *Id*.; *see also Roe*, 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements"). The amount in controversy is not

---

[5] Plaintiff also submitted an estimate for roof repairs totaling $40,374.41. (Doc. No. 6-2 at 19.)

5

how much the plaintiff is likely to recover, but rather is "an estimate of the amount that will be put at issue in the course of litigation." *Pretka*, 608 F.3d at 751 (quotations omitted).

Defendant argues the amount in controversy exceeds $75,000 because Plaintiff seeks a variety of damages, his policy covers more than the jurisdictional minimum, and his post-removal affidavit does not divest the court of jurisdiction. (Doc. No. 10 at 2, 6.) The Court is not persuaded by these arguments and addresses them in turn.

First, Defendant has not proven the damages sought by Plaintiff in the Complaint establish the amount in controversy is satisfied. While Plaintiff is seeking more than the $40,000 to repair his roof, Defendant does not provide any specific facts or evidence showing the unspecified damages request in the Complaint would drive the amount in controversy over $75,000. In addition, Defendant's argument that Plaintiff's bad faith claim could result in a recovery of punitive damages is unavailing. Although punitive damages are available for a plaintiff's bad faith claim,[6] Plaintiff did not specifically seek punitive damages in his Complaint.[7] Rather, Plaintiff sought

> damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney's fees and cost pursuant to Alabama statutes and/or other Alabama Law, and the Plaintiff demands trial by jury of all issues triable as a matter of right by jury.

---

[6] *See Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 24 (Ala. 2011) (affirming an award of punitive damages for a bad faith insurance claim); *Emp. Benefit Ass'n v. Grissett*, 732 So. 2d 968, 981 (Ala. 1998) (affirming an award of punitive damages for a bad faith insurance claim).

[7] Defendant cites two cases from the Northern District of Alabama where the court found punitive damages "against a large corporation like State Farm would alone exceed $75,000." *See Allred v. State Farm Ins. Co.*. Case No. 5:22-cv-289-LCB (N.D. Ala. June 21, 2022), ECF No. 22 at 12; *Bonds v. State Farm Ins. Co.*, Case No. 5:22-cv-618-LCB (N.D. Ala. June 21, 2022), ECF No. 13 at 12 (same). Unlike here, the plaintiffs in those two cases specifically requested punitive damages. *See id*.

(Doc. No. 1-2 at 10.) This Court declines to find that "a request for punitive damages can or should be inferred from a catchall request for relief." *See Williams v. Yakima*, No. 2:21-CV-00429-JHE, 2021 WL 2533021, at *3 (N.D. Ala. June 21, 2021) (citations omitted). Furthermore, apart from being a large corporation, Defendant has not shown why a potential award of punitive damages could be high enough to exceed the jurisdictional minimum based on the facts alleged in Plaintiff's Complaint. *See State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 419 (2003) ("[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." (quotation omitted)); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("Fifth Third need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded.") (emphasis in original).[8] There is no indication that an award of punitive damages against Defendant would need to be large to punish it or deter future similar conduct.

Second, Defendant argues the amount in controversy has been met because Plaintiff's policy provides for benefits exceeding $75,000. The court is not persuaded. The policy limits cited by Defendant "do not represent the 'actual cash value' or cost to replace

---

[8] Defendant cites three cases where the Alabama Supreme Court upheld large awards of punitive damages, but again fails to explain why the facts Plaintiff alleged in the Complaint would warrant such damages. (Doc. No. 10 at 5.) *See United Services Auto. Ass'n v. Wade*, 544 So. 2d 906 (Ala. 1989); *United Am. Ins. Co. v. Brumley*, 542 So. 2d 1231 (Ala. 1989); *Nationwide Mut. Ins. Co v. Clay*, 525 So. 2d 1339 (Ala. 1987). The mere existence of other damages, including the availability of punitive damages, tells the court "nothing about the value of the claims because the record [is] bereft of detail about whether [Plaintiff's] complaint [is] similar to those other cases." *Pretka*, 608 F.3d at 753 (quotations omitted).

or repair the home and personal property." *Stubbs v. State Farm Fire & Cas. Co.*, Case No. 2:12-cv-2186-SLB, 2013 WL 980313, at *5 (N.D. Ala. March 8, 2013). The amount in controversy is determined by Plaintiff's claims, not the policy limit. *See Lowe v. State Farm Fire & Cas. Co.*, Case No. 3:15-cv-877-WKW-PWG, 2016 WL 818658, at *6 (M.D. Ala. Feb. 16, 2016) ("In determining the proper amount in controversy, it is the value of the underlying claim and not the face amount of the policy limit that controls."). Although Plaintiff's insurance policy *may* cover over $500,000 in damage to Plaintiff's home, his claims may be for far less than the policy limit. *See Emp. Mut. Cas. Co. v. Parker Towing Co., Inc.*, Case No. 07-0684-WS-B, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007) ("A high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit."). Therefore, evidence of Plaintiff's policy limits has no bearing on the amount in controversy.

Third, Defendant argues Plaintiff's affidavit limiting damages to under $75,000 does not divest the court of jurisdiction.[9] Defendant argues the affidavit does not affect jurisdiction because the amount in controversy is "assessed on the basis of plaintiff's complaint as of the time of removal." *Burns*, 31 F.3d at 1097 n.13. Defendant is correct. However, courts may "consider post-removal evidence in assessing removal jurisdiction . . . . if relevant to that period of time." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 948, 949 (11th Cir. 2000). When "a plaintiff seeks, after removal, to clarify, rather than alter, facts bearing on the amount in controversy, courts in this circuit accept such evidence

---

[9] Since Defendant has not established that this court *has* jurisdiction, it is a leap to argue that a document could not *divest* the court of jurisdiction.

to help determine whether diversity jurisdiction existed at the time of removal." *Murphy v. State Farm Fire & Cas. Co.*, Case No. 1:24-cv-737-RAH-SMD, 2025 WL 20416, at *3 (M.D. Ala. Jan. 2, 2025) (citing *Pretka*, 608 F.3d at 751; *Sierminksi*, 216 F.3d at 949).

Defendant relies on two district court cases to support its position that Plaintiff's affidavit alters, rather than clarifies, the amount in controversy. (Doc No. 10 at 5.)[10] Neither is instructive. In both cases, the plaintiffs indicated they were seeking damages in excess of the jurisdictional minimum. In *McKenzie*, the plaintiff sent a pre-suit demand letter seeking $125,000. *McKenzie*, 644 F. Supp. 3d at 997. In *Young*, the plaintiff's complaint sought damages including the $123,044.59 purchase price of the plaintiff's car. *Young*, 2020 WL 9073444, at *1. Here, Plaintiff has not indicated he is seeking damages in excess of the jurisdictional minimum. Rather, the pre-suit demand letter indicates Plaintiff is seeking less than the jurisdictional minimum. (Doc. No. 6-2.) Thus, the two cases cited by Defendant are distinguishable.

At the time of removal, there was a minimum of $50,374.41 in controversy based on the pre-suit demand letter. (Doc. No. 6-2.) Plaintiff's complaint does seek damages beyond the amount requested in the pre-suit demand. (*See* Doc. No. 1-2.) Yet, it is uncertain how much more Plaintiff may recover, and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Further, Plaintiff's affidavit clarifies the total amount of damages sought is less than $75,000 and that he will not accept more than $75,000. (Doc. No. 6-1.) Such sworn

---

[10] *See McKenzie v. Auction.com*, 644 F. Supp. 3d 994, 999 (M.D. Ala. 2022); *Young v. Thor Motor Coach, Inc.*, No. 7:20-cv-473-GMG, 2020 WL 9073444, at *1 (N.D. Ala. Sept. 16, 2020).

9

representations are given "great deference" and are presumed "to be true." *Fed. Mut. Ins. Co. v. McKinnon Motors,* LLC, 329 F.3d 805, 808 (11th Cir. 2003) (explaining affidavits clarifying a party will not accept damages in excess of the jurisdictional minimum are presumed true because the party's counsel is subject to Federal Rule of Civil Procedure 11). Plaintiff is cautioned that he and his counsel may be sanctioned should he not abide by his sworn affidavit. *See id*.

Because the pre-suit demand indicates a minimum of $50,374.41 is in controversy and Plaintiff's affidavit clarifies this amount does not—and will not—exceed $75,000, Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Murphy*, 2025 WL 20416, at *3 (granting a motion to remand when the plaintiff sought less than the jurisdictional minimum in a pre-suit demand letter and submitted a sworn affidavit clarifying the amount in controversy); *McCray v. State Farm Fire & Cas. Co.*, No. 1:24-cv-773-KFP, 2025 WL 794448, at *5 (M.D. Ala. Mar. 12, 2025) (same).

## VII.   CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. No. 6) is due to be granted. Thus, this case will be remanded back to the Circuit Court for Henry County, Alabama.

A separate order will issue.

DONE this 1st day of May, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

10